

**FILED**
**8/15/2016**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**RECEIVED**

MAR - 7 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GREGORY ROBINSON,

plaintiff,

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.    Case No: 16-50053
(To be supplied by the Clerk of this Court)

CHRISTOPHER MELVIN, Superintendant
of Correctional Industries; Personal and Official Capacity,
LISA DEVERT, former Superintendant
of Correctional Industries; Personal and Official Capacitys,
NEDRA CHANDLER, former Chief
Administrative Officer of Dixon Correctional
Center, Personal and Official Capacitys.
S.A. GODINEZ; former Director of the
Department of Corrections, Personal and Official Capacity
ILLINOIS DEPARTMENT OF CORRECTIONS;
Defendants.

(Enter above the full name of ALL
defendants in this action. <u>Do not
use "et al."</u>)

**CHECK ONE ONLY:**

✓     COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
       U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
       28 SECTION 1331 U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. Plaintiff(s):

    A. Name: Gregory Robinson

    B. List all aliases: Gregory, Greg, Shorty G

    C. Prisoner identification number: N-82479

    D. Place of present confinement: Dixon Correctional Center

    E. Address: 2600 N. Brinton Ave.

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A. Defendant: Christopher Melvin

    Title: Superintendant of Correctional Industries

    Place of Employment: IDOC at the Dixon Correctional Center

    B. Defendant: Lisa Devert

    Title: former Superintendant of Correctional Industries

    Place of Employment: IDOC

    C. Defendant: Nedra Chandler

    Title: former Chief Administrative Officer of Dixon Correctional Center

    Place of Employment: Retired from IDOC

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Additional Defendants:

D. Defendant: S. A. Godinez
   Title: former Director of the Department of Corrections
   Place of Employment: Retired from IDOC

E. Defendant: Illinois Department of Corrections
   Title: Illinois Department of Corrections
   Place of Employment: Springfield, Illinois

III. **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (✓) NO ( ) If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (✓) NO ( )

C. If your answer is **YES**:

1. What steps did you take? I filed my grievance timely through my housing unit Counselor, then to the grievance officer, and Chief Administrative Officer, and Appeal to the Director through the Administrative Review Board.

2. What was the result? My grievance was denied on all levels.

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.) Yes, and the result was ultimately denied by the Administrative Review Board member

D. If your answer is **NO**, explain why not: N/A

4

E. Is the grievance procedure now completed? YES (✓) NO ( )

F. If there is no grievance procedure in the institution, did you complain to authorities? YES ( ) NO ( ) O/N/A

G. If your answer is **YES**:

   1. What steps did you take? N/A

   2. What was the result? N/A

H. If your answer is **NO**, explain why not: N/A

5

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

    A. Name of case and docket number: _N/A_

    B. Approximate date of filing lawsuit: _N/A_

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _N/A_

    D. List all defendants: _N/A_

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _N/A_

    F. Name of judge to whom case was assigned: _N/A_

    G. Basic claim made: _N/A_

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _N/A_

    I. Approximate date of disposition: _N/A_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

V.   Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. Plaintiff Gregory Robinson is a African American, and He is incarcerated at the Dixon Correctional Center where the time of the events are at issue.

2. On October 15, 2009, Plaintiff filled out and signed his application to participate in the Correctional Industries Work program and was placed on the waiting list.

3. One of the hiring policy and criteria for hiring inmates for the Correctional Industries Work program are Under Seven years and more than three years left on an inmate Sentence, and about four years or more of being on the waiting list.

4. After Plaintiff had been on the waiting list for years waiting to be call and hired, Plaintiff learned that other inmates who had transferred to Dixon C.C. after Plaintiff, and inmates who had submitted their applications for the Correctional Industries Work program after Plaintiff were being called, interviewed, and hired. Some of the inmates were of the White race, and also Hispanic.

5. Plaintiff wrote letters to the Industries Superintendent Defendant Mrs. Devert, requesting to speak with her concerning his Status on the Industries waiting list, and her hiring policy, criteria, and practices in hiring. Plaintiff eventually was able to speak to Mrs. Devert, but not because she responded to his letters, but though permission of the Security Warden Mr. Dusing.

7

6. On October 15, 2012, Defendant Mrs. Devert interviewed the plaintiff and reviewed his application, had the plaintiff to fill out a Social Security document to check and clear his Social Security number, and then told the plaintiff that he should be working within the Industries next year this time, don't worry!

7. Now within the next year time span and again, there were several hirings within the Industries and at least two were of the White race, and neither of them were residing at the Institution before me or the required timeframe to be considered for hiring in the Industries.

8. Again Plaintiff spoke to Mrs. Devert, and the new Superintendent Defendant Christopher Melvin, and Plaintiff complained regarding inmates being hired over him, when Plaintiff had seniority status on the waiting list before these inmates. Plaintiff told Defendant Devert and Defendant Melvin that their hiring practices had placed him in a disadvantage position as the hiring of inmates over him has prolonged and now prevented the Plaintiff from ever being hired as the three year minimum was approaching.

9. Since that discussion with Defendant Mrs. Devert and Defendant Melvin several more inmates were hired within the industries, Some inmates had just arrived at the Institution within days and had not submitted an application for the Industries, and again some inmates who had not been on the list as long or longer than Plaintiff, but they were hired by Defendants Devert and Melvin.

10. Plaintiff complained to the Warden, Defendant Nedra Chandler and spoke with her regarding the injustice, discrimination, and inequality that he was receiving.

8

11. Plaintiff requested of Defendant Nedra Chandler for her to intervene on his behalf and have him placed in the industries work program, but Chandler refused to correct, intervene, or stop the unfair hiring practices and policy.

12. Plaintiff had wrote letters complaining of his discriminatory treatment to Defendant Devert, Defendant Melvin, and Warden Chandler, and ultimately filed his grievances, complaining about their unfair and discriminatory treatment against him.

13. Plaintiff was retaliated against and told by Defendant Devert, Defendant Melvin, and Defendant Chandler, that Plaintiff was no longer eligible for the industries and that his name was taken off the list. Plaintiff had a right to complain and file grievances concerning the unfair, discriminatory policy and practices that excluded him from being hired in the industries, and with fear of being retaliated against.

14. Defendants tried to conceal their unconsistutional acts of discriminating against Plaintiff by stating that there was a new hiring policy implemented by Springfield to give hiring preference to inmates eligible for earn good conduct credit (EGCC) over those that do not get it when all other hiring criteria are equal. However, all inmate hired over the Plaintiff were not eligible for earn good conduct credit, but were similarly situated as such but were hired by preference and partiality, and the granting of favors.

15. This policy, custom, and practice also violates the Dixon c.c. Employee Responsilities and rules of conduct, SECTION IV: INMATE Relations Prohibiting granting—

granting special privileges or showing partiality to an inmate.

16. Defendant Devert and Defendant Melvin violated Plaintiff's rights under the Equal Protection Clause of the Constitution, subjected Plaintiff to intentional racial discrimination, and retaliated against him for exercising his constitutional right to complain and file grievances against their conduct against him.

17. Plaintiff filed grievances regarding the two prong unconstitutional hiring policy and discriminatory practices, and neither Defendant Chandler, nor Defendant S.A. Godinez, who had a reasonable opportunity to prevent, correct, and stop the on going violations of Plaintiff's constitutional rights, but both failed to do so, leaving this custom, policy, and practice in place and allowed to continue.

18. Defendant Chandler knew of the discriminatory policy and practice in hiring preferences being performed by defendant Devert and Defendant Melvin. Their conduct together created a conspiracy against the Plaintiff and with Defendant Chandler's knowledge and consent. Defendant Chandler knew about the conduct and facilitated it, approved it, condone it, and turned a blind eye.

19. Defendant S.A. Godinez, Director of the IDOC allowed the implementation of the unconstitutional policy and custom, and practices, with his knowledge and consent. He knew about his official's conduct or should have known, facilitate it, approve it, condone it, and turned a blind eye, and denied Plaintiff's grievance allowing the policy and custom, and practice to continue.

10

20. Defendant's Chandler and S.A. Godinez are high-ranking officials who set policy, write regulation, give orders, and their action and inactions resulted in the intentional discrimination and deliberate indifference to plaintiff's constitutional rights. Defendant Chandler and S.A. Godinez directing their subordinates to act unlawfully and they knew that their subordinates was carrying out the unlawful act and they failed to prevent, correct, or stop the on going custom, policy, and practices.

21. Defendant Chandler, and Defendant S.A. Godinez after being informed of the violations of Plaintiff's rights through grievances, Both failed to act on plaintiff's complaints and grievances they received at a time when they could have done something about it. Both failed to remedy the wrong, they created a policy & custom under which unconstitutional practices occurred and allowed the continuance of such a policy and custom within their area of authority that they knew about. The Defendant's exhibited intentional discrimination, equal protection and due process violations, and were deliberate indifference to the rights of plaintiff, and inmates similarly situated. Failing to act on information indicated though complaints and grievances that unconstitutional acts were occurring, their failure to act itself violated the constitution.

17. As a direct and proximate result of Defendant's actions and inaction the rights of Gregory Robinson, and other similarly situated to him, rights were and are violated

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows: A. for a declaration that Defendants' conduct violated my rights; And for injunctive relief to obey the constitution; B. Ordering the Defendants to pay punitive damages and Compensatory damages; C. for judgment for reasonable fees, costs, fees, and attorneys fees; D. for such other and additional relief that this Honorable Court deems just and equitable. Plaintiff also demands trial by jury for all issues pled so triable.

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __2__ day of __March__, 20__16__

__Gregory Robinson__
(Signature of plaintiff or plaintiffs)

__Gregory Robinson__
(Print name)

__N-82479__
(I.D. Number)

__Dixon Correctional Center__
__2600 N. Brinton Ave.__
__Dixon, Illinois 61021__
(Address)

Gregory Robinson, #N-82479
Dixon Correctional Center
2600 N. Brinton Ave
Dixon, IL 61021

Thomas J. Bruton,
Clerk of the U.S. District Court,
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION
327 S. Church St.
Rockford, Illinois 61101

※ Legal Mail